Noelle E. Dwarzski OSB 131866
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Ave., Ste. 910
Seattle, WA 98101
(206) 224-9900
noelled@bcmjlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **BOARDS OF TRUSTEES OF THE AGC-OPERATING ENGINEER HEALTH AND WELFARE FUND; OPERATING ENGINEERS PENSION FUNDS; and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701-AGC TRAINING TRUST FUND,**<br><br>        Plaintiffs,<br><br>   v.<br><br>**ROSS ISLAND SAND & GRAVEL CO,** an Oregon Corporation, Oregon Registry No. 029100-16,<br><br>        Defendant. | Case No.<br><br>COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND DELINQUENT CONTRIBUTIONS (ERISA) |

For their complaint, the plaintiffs allege as follows:

## I.    PARTIES, JURISDICTION & VENUE

1.    Plaintiffs are the Boards of Trustees ("Board of Trustees" or "Trustees") of the AGC-International Union of Operating Engineers Local 701 Health and Welfare Fund ("Health Fund"), AGC-International Union of Operating Engineers Local 701 Pension Funds, which includes the Defined Benefit Retirement Fund and the Defined Contribution Retirement Fund

COMPLAINT– 1

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 002 ge17dy01g8

("Pension Funds"), and the AGC-International Union of Operating Engineers Local 701 Training Trust Fund ("Training Fund")(collectively referred to as "the Trust Funds").

2.  The Health and Training Funds are "employee welfare benefit plans" as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1002(1). The Defined Benefit Retirement Fund and the Defined Contribution Retirement Fund, the Pension Funds, are "employee pension benefit plans" as that term is defined in Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).

3.  The Trust Funds are "multiemployer plans" as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37)(A).

4.  The Trustees of the Trust Funds have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5.  The Trust Funds act as a collection agent for vacation funds, union dues and ancillary funds.

6.  Defendant Ross Island Sand & Gravel Co. (hereafter "Ross Island"), is an Oregon corporation. At all times material to this proceeding Defendant Ross Island has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

7.  At all times material to this proceeding, Ross Island has been signatory to collective bargaining agreements ("CBAs") with the International Union of Operating Engineers Local 701 ("Local 701").

COMPLAINT– 2

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 002 ge17dy01g8

8. The CBAs obligate Ross Island to submit monthly fringe benefit contributions to the Trust Funds for the covered hours worked by its employees. The CBA further incorporates the terms and conditions of the Trust Agreements, as amended, that govern each of the respective Trust Funds.

9. The Court has subject matter jurisdiction over all Claims for Relief brought by the Board of Trustees of the Trust Funds against Ross Island for violation of the Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

10. Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), venue is proper in this district, the district in which the Trust Funds are administered.

## II.  CLAIM FOR RELIEF: UNPAID FRINGE BENEFIT CONTRIBUTIONS

11. At all times material to this proceeding Ross Island has been bound by written collective bargaining agreements ("CBAs") with the International Union of Operating Engineers Local 701 ("Local 701"). Under the terms of its CBAs, the parties incorporated specific provisions of the Operating Engineers Master Labor Agreement between the Oregon-Columbia Chapter of the Associated General Contractors of America and Local 701. Ross Island also agreed to be bound by the terms and conditions of the Trust Agreements which created the Trust Funds.

12. Pursuant to the terms of the CBAs, and incorporated Trust Agreements, Ross Island agreed to file monthly remittance report forms, pay fringe benefit contributions on behalf of its employees performing work under the CBAs to the Trust Funds based on the employees' compensable hours, and to remit union dues and other ancillary funds by the 20th day of the

COMPLAINT– 3

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 002 ge17dy01g8

month following the month in which the work was performed.

13. The Trust Agreements, which created the Trust Funds, and the Delinquency Procedures, provide that in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent fringe benefit contributions assessed at twelve percent (12%) per annum from the date the contributions became due until paid and liquidated damages in an amount equal to ten percent (10%) of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.

14. Local 701 is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement and interest on the delinquent or late paid union dues from the date payment became due until paid at the rate of nine percent (9%) per annum pursuant to the provisions of ORS 82.010.

15. Ross Island has failed to timely file and pay its contributions to the Trust Funds, its ancillary funds, and its union dues. For the months of February through April 2023, Ross Island owes $75,537.69 in delinquent contributions, interest at twelve percent (12%) and nine percent (9%) on union dues through the date of payment $791.24 (calculated through May 20, 2023), and $6,480.46 in liquidated damages.

16. Ross Island owes an unknown amount of contributions for April 2023 through current to be proved upon motions or at trial.

17. The Trust Agreements that created the Trust Funds provide that, in the event that an employer fails to timely pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Ross Island.

COMPLAINT– 4

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

857.000 002 ge17dy01g8

18.     The Trustees of the Trust Funds are also entitled to recover a reasonable attorneys' fee from Ross Island pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

### III.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a decree and judgment against Ross Island Sand & Gravel Co. as follows:

1.     $75,537.69 in delinquent contributions, interest at twelve percent (12%) and nine percent (9%) on union dues through the date of payment $791.25 (calculated through May 20, 2023), and $6,480.46 in liquidated damages for February through April 2023;

2.     Judgment for all amounts found to be due and owing for May 2023 through the date of the entry of judgment, plus liquidated damages, and interest to be determined upon motions or at trial;

3.     Judgment against Ross Island for costs and attorney fees;

4.     For such further relief as the Court deems just and equitable.

DATED this 18th day of May, 2023.

 s/ Noelle E. Dwarzski
Noelle E. Dwarzski OSB 131866
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Ave., Ste. 910
Seattle, WA 98101
(206) 224-9900
noelled@bcmjlaw.com

COMPLAINT– 5

857.000 002 ge17dy01g8