IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE AGC-OPERATING ENGINEER HEALTH AND WELFARE FUND; OPERATING ENGINEERS PENSION FUNDS; and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701-AGC TRAINING TRUST FUND, | No. 3:23-cv-00740-HZ

OPINION & ORDER |

                Plaintiffs,

     v.

ROSS ISLAND SAND & GRAVEL CO., an Oregon Corporation,

                Defendant.

Noelle E. Dwarzski
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Ave, Ste 910
Seattle, WA 98101

      Attorney for Plaintiffs

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiffs move for default judgment against Defendant. Defendant has not answered or appeared in this matter. For the following reasons, the Court grants the motion.

## BACKGROUND

Plaintiffs are the Boards of Trustees of the AGC-International Union of Operating Engineers Local 701 Health and Welfare Fund ("Health Fund"), AGC-International Union of Operating Engineers Local 701 Pension Funds, which includes the Defined Benefit Retirement Fund and the Defined Contribution Retirement Fund ("Pension Funds"), and the AGC-International Union of Operating Engineers Local 701 Training Trust Fund ("Training Fund") (collectively, "the Trust Funds"). Compl. ¶ 1, ECF 1. The Trust Funds are administered in Oregon. *Id.* ¶ 10. Defendant Ross Island Sand & Gravel Co. is an Oregon corporation that employed members of the Union at all relevant times. *Id.* ¶ 6. On May 18, 2023, Plaintiffs sued Defendant for unpaid fringe benefit contributions to the Trust Funds under the Employee Retirement Income Security Act ("ERISA") beginning in February 2023. *Id.* ¶¶ 11-18.

Plaintiffs personally served a designated agent of Defendant on May 24, 2023. ECF 4. After Defendant failed to answer or otherwise appear, Plaintiffs moved for entry of default. ECF 5. The Court entered default on July 18, 2023. ECF 7. Accordingly, the factual allegations in the Complaint relating to liability are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

At all material times, Defendant has been signatory to collective bargaining agreements ("CBAs") with the International Union of Operating Engineers Local 701 ("Local 701"). Compl. ¶ 7; Pardee Decl. ¶¶ 7-9, Exs. 1-2, ECF 9. The CBAs require Defendant to submit monthly fringe

benefit contributions to the Trust Funds for the covered hours worked by employees. Compl. ¶ 8; Pardee Decl. ¶¶ 8-9, Ex. 1 at 34, Ex. 2 at 15. The CBAs incorporate specific provisions of a Master Labor Agreement between the Oregon-Columbia Chapter of the Associated General Contractors of America and Local 701. Compl. ¶ 11; Pardee Decl. ¶ 8, Ex. 1 at 34, Ex. 3 at 50-53. Defendant also agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Compl. ¶ 11; Pardee Decl. ¶ 7, Ex. 1 at 34. Pursuant to the CBAs and the Trust Agreements, Defendant "agreed to file monthly remittance report forms, [and] pay fringe benefit contributions on behalf of its employees performing work under the CBAs to the Trust Funds based on the employees' compensable hours[.]" Compl. ¶ 12; Pardee Decl. ¶¶ 8-9, Ex. 1 at 34, Ex. 2 at 15. Defendant failed to timely file and pay its contributions to the Trust Funds and its ancillary funds beginning in February 2023 and continuing through August 2023. Compl. ¶ 15; Pardee Decl. ¶ 10, Ex. 8 (remittance reports).

The Trust Agreements provide for the adoption of delinquency guidelines. Pardee Decl. ¶ 14, Ex. 4 at 28, Ex. 5 at 51, Ex. 6 at 26. The Delinquency Procedure and Guidelines provide for interest of 12% per year on delinquent fringe benefit contributions and liquidated damages equal to 10% of the delinquent or late paid fringe benefit contributions. Compl. ¶ 13; Pardee Decl. Ex. 7 at 3, 5. The Trust Agreements also provide for recovery of a reasonable attorney fee incurred in civil action to recover unpaid fringe benefit contributions. Compl. ¶ 17; Pardee Decl. Ex. 7 at 6.

Plaintiffs now move for entry of default judgment against Defendant, seeking to recover the unpaid contributions, interest on those contributions, liquidated damages, and attorney fees and costs. ECF 8. They seek a total of $151,149.13 in damages and $2,231 in attorney fees and costs. *Id.* at 5.

**STANDARDS**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

*Id.* A default judgment for money may be entered without a hearing if the amount claimed is a liquidated sum or capable of mathematical calculation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

 The decision to grant an application for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Courts in the Ninth Circuit generally consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

**DISCUSSION**

The Court concludes that the *Eitel* factors favor entry of default judgment. Plaintiffs have shown that they are entitled to the damages sought, as well as attorney fees and costs. Because the amounts are either liquidated damages or capable of mathematical calculation, the Court need not hold a hearing. The Court therefore grants Plaintiffs' Motion in full.

## I.    Jurisdiction and Venue

This Court has jurisdiction over Defendant. Judgment can be entered only against a defendant over whom the court has personal jurisdiction. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). Defendant was properly served with process in Oregon. ECF 4. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) because the Trust Funds are administered in Oregon. And the Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132(e)(1). The Court may enter default judgment against Defendant.

## II.    *Eitel* Factors

The *Eitel* factors favor entry of default judgment. First, Plaintiffs will be prejudiced if their motion is not granted because they have no other means to recover the unpaid contributions. Second, Plaintiffs' claim is meritorious because, as explained below, they have shown they are entitled to the amounts sought. Third, the Complaint is sufficient to establish that Plaintiffs are entitled to the relief sought. Fourth, the sum of money at stake, while substantial, is capable of mathematical calculation, reducing the risk of prejudice to Defendant. Fifth, the possibility of a dispute on the material facts is slim because the well-pleaded allegations in the Complaint are taken as true based on Defendant's default, and the documents submitted with Plaintiffs' Motion show they are entitled to the relief they seek under the terms of the relevant agreements. Sixth, there is no evidence that default was due to excusable neglect, as Plaintiffs personally served Defendant's designated agent and Defendant has failed to answer or otherwise appear despite an apparent ongoing relationship between the parties. Finally, while the Federal Rules strongly favor a decision on the merits, Defendant has chosen not to appear or contest the merits of this

case. The *Eitel* factors favor entry of default judgment. The Court next evaluates the amounts

sought.

### III.    Unpaid Contributions, Interest, and Liquidated Damages

Under ERISA, Plaintiffs are entitled to damages covering the amount of the unpaid

contributions to the Trust Funds, interest on the unpaid contributions, and liquidated damages.

ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan
> under the terms of the plan or under the terms of a collectively bargained agreement
> shall, to the extent not inconsistent with law, make such contributions in accordance
> with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

> In any action under this subchapter by a fiduciary for or on behalf of a plan to
> enforce section 1145 of this title in which a judgment in favor of the plan is
> awarded, the court shall award the plan—
>
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of—
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not
>>> in excess of 20 percent (or such higher percentage as may be
>>> permitted under Federal or State law) of the amount determined by
>>> the court under subparagraph (A),
>> (D) reasonable attorney's fees and costs of the action, to be paid by the
>> defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined
> by using the rate provided under the plan, or, if none, the rate prescribed under
> section 6621 of title 26.

29 U.S.C. § 1132(g)(2). Liquidated damages may be recovered "when (1) the fiduciary obtains a

judgment in favor of the plan, (2) *unpaid* contributions exist at the time of suit, and (3) the plan

provides for liquidated damages." *Idaho Plumbers & Pipefitters Health & Welfare Fund v.*

*United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989).

Plaintiffs have shown that they are entitled to recover the unpaid contributions, interest on those unpaid contributions, and liquidated damages. Traci Pardee, the Delinquency Coordinator and Auditor for the Trust Funds, states that Defendant owes $136,559.19 in unpaid contributions. Pardee Decl. ¶¶ 2, 19. *See also* Pardee Decl. Ex. 8 (remittance reports and claim summary showing balance of $136,559.19 in unpaid contributions). Pardee states that Defendant owes $4,186.19 in interest. Pardee Decl. ¶ 19, Ex. 8 at 2. Finally, Plaintiffs are entitled to recover liquidated damages because the Court has concluded that Plaintiffs are entitled to a judgment in their favor, there were unpaid contributions when this case was filed, and the plans provide for liquidated damages. Pardee states that Defendant owes $10,403.75 in liquidated damages. *Id.* Plaintiffs are therefore entitled to a total of $151,149.13 in damages based on the unpaid contributions.

## IV.    Attorney Fees and Costs

Plaintiffs seek $1,734 in attorney fees and $497 in costs. Pl. Mot. 5. The Court concludes that they are entitled to recover these fees and costs. In general, when reviewing a motion for attorney fees, the district court must determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To do so, the court should calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* There is a "strong presumption" that this figure represents a reasonable fee. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (internal quotations omitted). "The prevailing market rate in the community is indicative of a reasonable hourly rate." *Id.* "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

The requested fees are reasonable. Counsel for Plaintiffs states that she spent 3.3 hours on the case, at a billing rate of $285 per hour. Dwarzski Decl. ¶¶ 4-5, ECF 10. Counsel's paralegals spent 6.9 hours on the case, at a billing rate of $115 per hour. *Id.* Counsel's accounting shows these hours were reasonably expended in the litigation: drafting pleadings and motions, reviewing evidence, communicating with the client, and requesting records. Dwarzski Decl. Ex. A. This work was reasonably necessary, and the hours are not excessive.

The billing rates of $285 per hour for attorney work and $115 per hour for paralegal work are reasonable. The relevant community is Oregon. Courts in this District usually rely on the most recent Oregon State Bar Economic Survey to determine whether a billing rate is reasonable. *See Anderson v. Ross Island Sand & Gravel Co.*, No. 3:18-CV-00898-SB, 2018 WL 5993581, at *3 (D. Or. Oct. 24, 2018), *findings and recommendation adopted*, No. 3:18-CV-00898-SB, 2018 WL 5985671 (D. Or. Nov. 12, 2018). The most recent survey reports that the mean hourly billing rate for lawyers in private practice in the state in 2021 was $344 per hour, and the median was $325 per hour. *Oregon State Bar 2022 Economic Survey* 42 (March 2023), available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf. Counsel's rate of $285 per hour is reasonable. And this Court approved a rate of $115 per hour for paralegal work in 2013, indicating that the billing rate of $115 per hour is reasonable here. *See Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1249 (D. Or. 2013). The Court therefore awards Plaintiffs $1,734 in attorney fees.

Finally, Plaintiffs seek to recover the costs of filing and serving the Complaint, a total of $497. Dwarzski Decl. Ex. B. These costs appear to be recoverable, but they will be taxed against Defendant after entry of judgment. Plaintiffs are directed to submit a verified Bill of Costs pursuant to Local Rule 54-1 after entry of judgment.

**CONCLUSION**

Plaintiffs' Motion for Default Judgment [8] is GRANTED. The Court directs Plaintiffs to submit a proposed judgment to the courtroom deputy consistent with this Opinion and Order within 30 days.

IT IS SO ORDERED.


DATED:    October 19, 2023    .




_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER